```
UNITED STATES DISTRICT COURT                         USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                        DOCUMENT
UNITED STATES OF AMERICA,                            ELECTRONICALLY FILED
                                                     DOC #: _____
                        Plaintiff,                   DATE FILED: 5/27/2021

        -against-                                    20 Civ. 1904 (AT)

CAFE GALLERY III INC., UNSUK LEE,                    ORDER

                        Defendants.
```

ANALISA TORRES, District Judge:

I. Background

In this action, the Government alleges that Defendants, Café Gallery III Inc. ("Café Gallery") and Unsuk Lee, defaulted on a commercial loan and personal guaranty. ECF No. 1 ¶ 6. On May 19, 2020, the Government moved by order to show cause for a default judgment under Federal Rule of Civil Procedure 55 and Local Civil Rule 55.2. ECF No. 31. On July 20, 2020, the Clerk of Court entered certificates of default. ECF Nos. 26–27. On August 11, 2020, the Court issued an order directing Defendants to show cause why a default judgment should not be entered against them. ECF No. 33.

On August 27, 2020, the Government filed affidavits attesting that the following documents were served on Defendants by personal service:

1. order to show cause;
2. declaration of the Government's counsel, John Manfredi, with attached exhibits, ECF No. 30;
3. the Government's proposed default judgment, ECF No. 31; and
4. the declaration of Plaintiff, with attachments, including a statement of damages, ECF No. 32.

ECF Nos. 34–35.

II. Liability

Defendants defaulted by failing to answer the complaint, otherwise defend this action, or respond to the Court's order to show cause. Fed. R. Civ. P. 55(a). When a default occurs, the Court deems the well-pleaded factual allegations set forth in the complaint relating to liability as true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 155–58 (2d Cir. 1992).

To obtain a judgment against a borrower who has defaulted upon a loan the Small Business Administration holds, the Government need only show (1) the existence of the loan, (2) the default in payment, and (3) the amount owed. *United States v. Levi*, No. 14 Civ. 2987,

2017 WL 432890, at *3 (E.D.N.Y. Jan. 12, 2017), *report and recommendation adopted*, No. 14 Civ. 2987, 2017 WL 421916 (E.D.N.Y. Jan. 31, 2017). To obtain a judgment against a guarantor, the Government must establish: "(1) an absolute and unconditional guaranty, (2) the underlying debt, and (3) the guarantor's failure to satisfy the unpaid debt." *Myers Indus., Inc. v. Schoeller Arca Sys., Inc.*, 171 F. Supp. 3d 107, 121 (S.D.N.Y. 2016).

The Government submits the loan authorization and the note. ECF No. 1-1. The Government also provides a certificate of indebtedness from the United States Department of the Treasury showing that Defendants defaulted on their payments and owe $280,562.49 in principal, $24,870.02 in interest, and $110,207.60 in administrative fees. ECF No. 1-3. The Government attaches the guaranty executed by Lee, setting forth the principal obligation and terms of the guaranty. ECF No. 1-2. Accordingly, the Government has demonstrated its entitlement to judgment on its claim of default against Defendants.

### III.    Damages

After establishing liability, courts conduct an inquiry to ascertain the damages "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Courts can make this determination based on affidavits as long as there is a basis for the damages sought. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

The Government seeks $280,562.49 in unpaid principal, ECF No. 32 ¶ 21, $110,207.60 in administrative fees, *id.* ¶ 23, and interest accruing at the rate of 6.5%, *id.* ¶¶ 19, 21.

The Government's right to each amount is well documented in its submissions, which include the note, the guaranty, and the certificate of indebtedness. ECF Nos. 1-1–1-3. There is no dispute that the full amount was disbursed and, although payments were initially made, those payments have ceased and Defendants have been in default since October 1, 2017. *See* ECF No. 1 ¶¶ 8–17. The Government is also entitled to administrative fees. *See* 31 U.S.C. §§ 3711(g)(6), (e)(1). Additionally, interest on the loan accrues at "2.25% above the Prime Rate," ECF No. 1-1 § F.2, or 6.5% at the time of default, ECF No. 32 ¶ 19. Accordingly, the interest due as of August 6, 2020, is $34,742.38, and the per diem amount of interest owed from that date until final judgment is entered is $49.96. *Id.* ¶ 21. Accordingly, the Government is entitled to $49,430.62 in interest.

Moreover, entry of default is warranted because of Defendants' unresponsiveness and their failure to raise any meritorious defenses. *See United States v. Allfield Constr. & Remodeling, Inc.*, No. 15 Civ. 0254, 2016 WL 2354242, at *4 (E.D.N.Y. May 4, 2016). The Government also has demonstrated that, absent entry of a default judgment, it cannot obtain relief from the Court. *See id*.

2

IV.    Interest

"The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996). Post-judgment interest is governed by the statutory rate in 28 U.S.C. § 1961, which states:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment.

28 U.S.C. § 1961(a) (footnote omitted).

Because the Court's granting a default judgment is a money judgment in a civil case, the Government is entitled to post-judgment interest on the judgment at the statutory rate.

V.    Conclusion

Accordingly, the Government's motion for default judgment is GRANTED. The Government is awarded $280,562.49 in unpaid principal, $110,207.60 in administrative fees, and $49,430.62 in interest, for a total award of $440,200.71. The Government is also awarded interest on this award at the statutory rate.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: May 27, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge